PER CURIAM.
Defendants-third party plaintiffs appeal a summary, final judgment in favor of the *427 third party defendant on their complaint for indemnity or joint contribution arising out of a wrongful death action.
The deceased, Noah Krakower, had a long history of mental illness including suicidal tendencies and was being treated by Dr. Michael Gilbert. After suffering physical injuries as a result of a suicide attempt, Mr. Krakower was admitted by Dr. Gilbert and several orthopedic physicians to the orthopedic section of the defendant, North Miami General Hospital. Although Dr. Gilbert noted on Krakower’s patient progress chart that he should have 24-hour attendants, no special precautions were ordered nor were the attending nurses (including the private ones) notified of Krakower’s suicidal tendencies. There was also no notation to that effect in the doctor’s orders chart. A private nurse, under the supervision of defendant hospital, left Krakower alone momentarily and he leaped to his death. Krakower’s widow filed a wrongful death action against the hospital and its insurer, Travelers Indemnity Company, and alleged that the hospital was negligent in that it knew or should have known of the deceased’s suicidal tendencies and should have taken the necessary precautions. The hospital and its insurer filed a third party complaint for indemnity and for joint contribution against Dr. Gilbert and alleged that he failed to fully advise the hospital and the attending nurses of Krakower’s suicidal tendencies and to order the necessary precautions. Subsequently, after a hearing upon motion of Dr. Gilbert, summary judgment on this third party complaint was entered in- his favor. The hospital and its insurer appeal. We reverse.
After a review of the record on appeal, we find that their remains genuine issues of material fact precluding the entry of summary judgment, specifically whether or not Dr. Gilbert properly notified the hospital of Krakower’s suicidal tendencies and ordered the hospital to take the necessary precautions and further whether the hospital then failed to properly instruct or supervise the attending nurses to assure 24-hour uninterrupted surveillance of Krakower.
Accordingly, the summary judgment is reversed and the cause remanded to the trial court for further proceedings. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed and remanded.